UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARTIN PATTERSON,

        Plaintiff,

vs.

JASON KIM, *et al.*,

        Defendants.
                                  /

Case No. 1:08-cv-873

Hon. Robert J. Jonker

**ORDER**

This matter is now before the court on "defendant Jason Kim, M.D.'s motion to compel plaintiff to authorize access to his full and complete medical records" (docket no. 30).

In his complaint, plaintiff has alleged that defendants violated various constitutional rights, including that failure to provide adequate medical care for his toe and foot. The alleged lack of medical care has caused plaintiff difficulty in walking, standing and sleeping, and resulted in severe emotional distress and mental anguish. Plaintiff 's complaint includes exhibits which indicate that he suffers from a variety of medical problems, including treatment for Hepatitis C, loss of an eye, an infected toe, pain in the leg and knee, swollen right foot, and being at risk for heat related illnesses. *See* docket nos. 1-2 and 1-3.

In a letter dated January 8, 2009, counsel for defendant Dr. Kim submitted the following request to plaintiff:

> Our law firm represents Dr. Kim in the above-referenced matter. Due to the nature of your case, your medical records in the above-referenced matter are discoverable. Please sign the enclosed release and return same in the enclosed self-addressed, stamped envelope within 10 days from the date of this letter so that we may request and review your records in order to evaluate your claim.

>     Should you have any questions or concerns, please do not hesitate to contact
> us; however, we do not accept collect calls.  Your anticipated cooperation is very
> greatly appreciated.

*See* docket no. 30-3.  Enclosed with the letter was a "patient's authorization for disclosure of health information" releasing "[a]ny and all medical records, including electronic records" from Muskegon Correctional Facility to defense counsel. *Id.*  This is a common procedure frequently utilized by experienced professionals in litigation

Plaintiff, however, a *pro se* litigant, refused to release all of his medical records because "the medical ailment in controversy does not cover my whole body.  Therefore, I will not be releasing my entire medical record."  *See* docket no. 30-4 (emphasis in original).  Plaintiff compared the litigation to a game, stating "[m]uch like a chess match, this litigation will certainly hinge upon the first few moves."  *Id.*

In the present motion, Dr. Kim seeks to compel plaintiff to execute an authorization for release of his complete medical history while incarcerated at the Michigan Department of Corrections ("MDOC"), contending that plaintiff's accusations regarding the treatment provided by the doctor have placed his entire MDOC medical history in question. The medical information sought by Dr. Kim may be relevant and discoverable under the liberal discovery provisions of Fed. R. Civ. P. 26, which provides in pertinent part that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to
> any party's claim or defense--including the existence, description, nature, custody,
> condition, and location of any documents or other tangible things and the identity
> and location of persons who know of any discoverable matter. For good cause, the
> court may order discovery of any matter relevant to the subject matter involved in
> the action. Relevant information need not be admissible at the trial if the discovery
> appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1).

However, defendants' motion seeking an order to compel plaintiff to execute a release for production of his medical records is premature. First, because this is "an action brought without an attorney by a person in the custody of the United States, a state, or a state subdivision," plaintiff is exempted from providing initial disclosures under Fed. R. Civ. P. 26. Second, there is no outstanding discovery directed to plaintiff. Defendants' January 8th letter was an informal request to release medical records; it was not a request for production of documents pursuant to Fed. R. Civ. P. 34. Third, defendants have not met the requirements for an order to compel discovery as authorized under Fed. R. Civ. P. 37(a)(3)(B), which provides in pertinent part as follows:

> A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if:
>
> (i) a deponent fails to answer a question asked under Rule 30 or 31;
>
> (ii) a corporation or other entity fails to make a designation under Rule 30(b)(6) or 31(a)(4);
>
> (iii) a party fails to answer an interrogatory submitted under Rule 33; or
>
> (iv) a party fails to respond that inspection will be permitted--or fails to permit inspection--as requested under Rule 34.

While defendants' informal discovery request may be expeditious, and as such beneficial to all, federal courts have denied motions to compel the production of documents where the movant failed to make a formal discovery request for the documents. *See Garrison v. Dutcher*, No. 1:07-cv-642, 2008 WL 938159 (W.D. Mich. April 7, 2008); *James v. Wash Depot Holdings, Inc.*, 240 F.R.D. 693, 695 (S.D. Fla. 2006). In *Sithon Maritime Co. v. Holiday Mansion*, No. Civ. A. 96-2262, 1998 WL 182785 at *2 (D. Kan. 1998), the court explained the significant differences between formal and informal discovery:

3

The Federal Rules of Civil Procedure provide necessary boundaries and requirements for formal discovery. Parties must comply with such requirements in order to resort to the provisions of Fed.R.Civ.P. 37, governing motions to compel. Informal requests for production lie outside the boundaries of the discovery rules. Formal requests may be filed under some circumstances, not letter requests. Formal requests require certificates of conferring and service. Letters do not. Formal requests certify representations of counsel under Fed.R.Civ.P. 11(b). Letters do not. Formal requests clearly implicate the duties of opposing parties to respond, pursuant to Fed.R.Civ.P. 34. Letters do not. Formal requests may occasion sanctions. Letters usually do not. To treat correspondence between counsel as formal requests for production under Rule 34 would create confusion and chaos in discovery.

Based on this record, the court has no basis to compel plaintiff to produce his medical records in the absence of an outstanding request to produce the records. *See* Fed. R. Civ. P. 37. Accordingly, defendant's motion (docket no. 30) is **DENIED**.

**IT IS SO ORDERED.**

Dated:  July 1, 2009                                /s/ Hugh W. Brenneman, Jr.
                                                    HUGH W. BRENNEMAN, JR.
                                                    United States Magistrate Judge