UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARTIN PRENTIS PATTERSON,

       Plaintiff,

CASE NO. 1:08-CV-873

v.

HON. ROBERT J. JONKER

JASON KIM, M.D., et al.,

       Defendants.
_____/

## ORDER APPROVING REPORT AND RECOMMENDATION

The Court has reviewed Magistrate Judge Brenneman's Report and Recommendations (docket # 48), and Plaintiff Patterson's Objections to it (docket # 59). Under the Federal Rules of Civil Procedure, when a party objects to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Plaintiff's objections. Plaintiff makes two basic objections: first, that the Magistrate Judge misapplied the law governing exhaustion (docket # 59, at ¶¶ 2-4, 7); and second, that the Magistrate Judge improperly applied the established "deliberate indifference" standard to his one exhausted Eighth Amendment claim for deficient medical attention.[1] After its review, the Court finds that Magistrate Judge Brenneman's Report and Recommendation is factually sound and legally correct.

Plaintiff's first objection simply recites disagreement with the Magistrate Judge's analysis of exhaustion. In particular, Plaintiff asserts that he had no obligation to name each defendant he later sues in the original grievance. As the Magistrate Judge pointed out, Plaintiff's legal position on this point is erroneous (docket # 48, at 15, n.4). Plaintiff fails to respond in any way to the legal analysis of the Magistrate Judge. The Court agrees with the legal conclusion of the Magistrate Judge on this point. Because Plaintiff failed to exhaust any grievance against Defendant Whalen, his objection is unavailing.

The one and only claim that Plaintiff properly exhausted was against Dr. Kim only. Plaintiff takes issue with Dr. Kim's medical approach to dealing with Plaintiff's complaints of an ingrown toenail and of foot fungus. The Magistrate Judge properly applied the *Estelle* and *Farmer* test to this complaint, and properly concluded that the claim as stated fails to state a claim under both the objective and subjective prong of the test (docket # 48 at 10-14). The Report and Recommendation

---

[1] Plaintiff's remaining objection (docket # 59, at ¶ 9) pre-supposes a fully exhausted claim against Defendant Whalen. Because the Court concludes that the Magistrate Judge properly concluded that Plaintiff failed to exhaust any grievance against Defendant Whalen, this sole remaining objection is moot.

demonstrates with abundant case cites that complaints of foot fungus and ingrown toenails do not rise to the level of constitutional seriousness necessary to meet the objective prong of the test. Moreover, as to the subjective prong of the test, the stated claim does nothing more than recite a disagreement between Dr. Kim and Plaintiff over the best course of treatment. As the Report and Recommendation demonstrates with citations to established case law, disagreement with the selected course of treatment does not satisfy the subjective prong of the *Estelle* and *Farmer* test.

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (docket # 48 ) is approved and adopted as the opinion of the Court.[2]

**IT IS FURTHER ORDERED** that Defendant Dr. Kim's motion to dismiss (docket # 31) and Defendants Mary Hubbel and Michael Whalen's motion for summary judgment (docket # 20) be **GRANTED**.

Dated:  September 14, 2009          /s/ Robert J. Jonker
                                    ROBERT J. JONKER
                                    UNITED STATES DISTRICT JUDGE

---

[2]The Court has also reviewed Plaintiff Patterson's objection (docket #61) to a non-dispositive Order of the Magistrate Judge (docket # 54) granting some, but not all, of the time extension Plaintiff requested. The Court treats the objection as an appeal under Rule 72(a). The Court is satisfied that the Magistrate Judge's Order was neither clearly erroneous nor contrary to law. To the contrary, it was a sensible case management decision that did not prevent Plaintiff from lodging on the record his substantive objections to the Report and Recommendation. Additional time would not have provided materially more illumination of the basic legal issues involved.